**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| WILLIAM K. AVERY | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-08-2245 |
| | * | |
| FEDERAL DEPOSIT | * | |
| INSURANCE CORPORATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OPINION**</u>

Plaintiff William Avery ("Avery") files this *pro se* action against Defendant Federal Deposit

Insurance Corporation ("FDIC") asserting the following claims:

> (1) perjury; (2) false testimony; (3) slander; (4) failure to share or disclose
> information through discovery; (5) failure to properly prepare for trial; (6) attempting
> to stop a trial by creating and maintaining fraudulent allegations that it knew or could
> have known were not true; and (7) obstruction of justice.

Currently pending before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) or,

alternatively, Rule 56 of the Federal Rules of Civil Procedure. The Court has reviewed the parties'

filings with respect to the instant motion. For the reasons stated more fully below, the Court will

grant Defendant's motion to dismiss.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In February, 1997, Avery refinanced his mortgage. The company with whom he refinanced

sold his loan to Superior Bank, FSB ("Superior"). In January 1999, Avery attempted to refinance

his loan with Superior. Superior denied his application, and Avery, unilaterally "changing" his

mortgage rate, began to make monthly payments at a rate below that which the parties had agreed upon. Superior Bank began foreclosure proceedings against Avery, and Avery refinanced his mortgage through another lender.

Avery first brought suit concerning this matter on December 29, 2000 ("first litigation"). In the first litigation, Avery claimed that Superior had violated 42 U.S.C. § 1981, the Federal Equal Credit Opportunity Act ("ECOA"), and the Maryland Equal Credit Opportunity Act. When the Office of Thrift Supervision closed Superior and named the FDIC as Receiver, this Court stayed the first litigation pending exhaustion of administrative remedies. The FDIC denied Avery's administrative claim, and the first litigation proceeded to trial. At the close of trial, this Court granted the FDIC's Motion for Directed Verdict. Avery appealed to the Fourth Circuit, which affirmed this Court's ruling. *See Avery v. FDIC*, 53 Fed. Appx. 309 (4th Cir. 2002). His subsequent petition for a writ of certiorari to the United States Supreme Court was denied. *See Avery v. Superior Bank, FSB*, 540 U.S. 820 (2003).

In 2005, Avery filed a second law suit in this Court ("second litigation"). This second litigation, which recast Avery's allegations from his first litigation, alleged the following:

> (1) Fraud; (2) Unlawful Mortgage Discrimination; (3) Violation of Civil Rights; (4) Failure to Properly Prepare for Trial; (5) Obstruction of Justice; (6) Attempting to and stopping a Trial by Creating and Maintaining Fraudulent Allegations that the FDIC Knew or Should Have Known were Not True; (7) Introducing Fraudulent Documents/Evidence Into a Trial in Order to Sabotage and Stop said Trial after Committing a Failure to take or perform plaintiffs deposition nor follow Court Scheduling Guidelines before trial; (8) Supporting The Overcharging of Late Fee's and Predatory Lending - when Payment was Not Late; and (9) Illegal actions to Defraud, Support and Cover up Fraud and Predatory lending Practices of a Bank. (Paper 4, Ex. 1, at 1).

This Court dismissed those claims on December 27, 2005 for lack of subject matter jurisdiction on the grounds that Plaintiff had not exhausted administrative remedies and his claims about conduct

in 2002 were time-barred.

Avery filed this, the third litigation concerning his dissatisfaction with his inability to refinance, on August 28, 2008. On December 13, 2008, Defendant FDIC filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) or, alternatively, Rule 56.

## II.   ANALYSIS

The FDIC asserts that the Plaintiff's claims are barred by res judicata. Alternatively, the FDIC argues that the Plaintiff's claims should be dismissed because he has failed to exhaust administrative remedies. As a third alternative, the FDIC asserts that the Plaintiff's claims should be dismissed because, as a federal agency, the FDIC cannot be sued *eo nomine*. In the case at bar, the Court finds it unnecessary to consider the FDIC's second and third arguments because Avery's claims are barred by res judicata.

The doctrine of res judicata precludes re-litigation of claims which have already been decided. The Fourth Circuit requires a party seeking to invoke res judicata to establish three elements: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Keith v. Aldridge*, 900 F.2d 736 (4th Cir. 1990)). Although the basis for Avery's claims was his inability to refinance his loans, he included, in the second litigation, claims about the FDIC's actions both before and during the trial of the first litigation. The claims Avery now asserts are identical to those which he brought and litigated in his previous suits. Avery fully litigated his prior claims and the Court entered a final judgment on the merits in 2002. Moreover, the parties to this suit are identical to those in the second litigation.

3

Avery argues that this Court should grant him leave to amend his Complaint naming the United States as Defendant instead of the FDIC. Aside from the fact that a response is not an appropriate vehicle to request such an amendment, the Court finds that such a change would be immaterial. Since federal agencies cannot be sued *eo nomine*, the defendant in both the 2002 and 2005 litigation was the United States. Thus, simply amending the Complaint to name the United States would not alter the identities of the parties. This Court's 2002 decision on the merits and 2005 decision based on those same claims thus precludes re-litigation of those same claims under the doctrine of res judicata.


   July 28, 2009                                           /s/          
        Date                                             Alexander Williams, Jr.
                                               United States District Judge